## MIKE O'BRIEN v. CLARK.

### No. A-995.    Opinion Filed February 6, 1911.

#### (113 Pac. 543.)

JUDGES—Disqualification—Prejudice. For motion and facts proven which do not show that a judge was disqualified from trying a case upon the ground of prejudice, see opinion.

(Syllabus by the Court.)

Petition by Mike O'Brien for a writ of mandamus disqualifying George W. Clark from presiding at petitioner's trial. Denied.

*Ben F. Williams* and *Joe Adams,* for petitioner.

*Sam H. Harris,* for respondent.

FURMAN, PRESIDING JUDGE. The petitioner, Mike O'Brien, being charged with the crime of perjury in the district court of Oklahoma county, on the 14th day of January, 1911, and within proper time, filed with the clerk of that court the following application for a change of judge:

"State of Oklahoma, Oklahoma County—ss.: In the District Court in and for said County and State. State of Oklahoma, Plaintiff, v. Mike O'Brien, Defendant. Affidavit. Before me, the undersigned authority, on this day personally appeared Mike O'Brien, he, being by me first duly and legally sworn, upon his oath deposes and says: That he is the defendant in the above-entitled cause and that he cannot have a fair and impartial trial in said cause before the Hon. George W. Clark, judge of the said court, on account of the prejudice of the said judge against him in said cause, and that such prejudice is of a character calculated to seriously impair the impartiality of the said George W. Clark, and sway his judgment against the defendant in the trial of said case for the reason and in the manner as follows, to wit: That affiant has reason to believe, and does believe, and therefore charges, that the said George W. Clark has been in consultation with one Sam Hooker, the county attorney elect of said county who will have charge of the prosecution of said case against the defendant, and has counseled, suggested to, and aided the said prosecuting officer, Hooker, in the policy to be pursued in the trial

of said cause and in the conduct thereof. That said Judge Clark did set said cause for trial at the suggestion of the said Hooker and in accordance with their consultation, and the theory of the said Hooker in the trial and conduct thereof theretofore agreed to between him and the said Hooker, that in said consultation with the said Hooker the facts of the said case were discussed between the said judge and the said Hooker, and defendant charges that the said judge formed such an opinion and prejudice against the said defendant as to preclude the said judge from granting to him a fair and impartial trial. That the said George W. Clark on the 27th day of December, 1910, and when the demurrer to the information was to be presented to the said judge, announced from the bench that he was acquainted with the desires and policy of the said County Attorney Elect Hooker, in the trial and conduct of said case and thought that the same was eminently correct and proper. That it was said Hooker's desire to trý this case before the trial of the Tegeler case, and that he agreed with the county attorney elect that this cause should be tried before the Tegeler trial. That this defendant was an important witness in the trial of the Tegeler case for the defendant therein, and that, if he was innocent, the said Tegeler should have the benefit of his evidence, and that, if this defendant was guilty of the offense charged herein, the state of Oklahoma which was prosecuting the said Tegeler for murder should have the benefit of the exclusion of the evidence of this defendant in the Tegeler trial. That by said statements and the conduct of the said Judge Clark as aforesaid he ignored the rights of this defendant in preference to those of the state of Oklahoma, the plaintiff herein, and made the rights of this defendant under the Constitution of Oklahoma subordinate to and conditioned upon another and different case, and the rights of other parties. That the defendant is entitled to the constitutional right to a speedy and public trial by an impartial jury of this county and to have right and justice administered to him without prejudice and that the said consultation and acts and statements of said judge so violated said constitutional rights and showed his prejudice and that by reason of the same the defendant cannot have a fair and impartial trial before the said George W. Clark on account of his said prejudice. Mike O'Brien. Subscribed and sworn to before me this 10th day of January, 1911. [Seal.] Loyal J. Miller, Notary Public. My commission expires Dec. 2nd, 1914."

Respondent declined to make a certificate of disqualification.

5 Cr.—8

Thereupon petitioner applied to this court for a writ of mandamus disqualifying respondent from presiding at the trial of petitioner upon the ground that respondent was prejudiced against petitioner. The matter coming on to be heard, a demurrer was filed to the sufficiency of the facts stated in the motion for a change of judge, but this demurrer was not insisted upon, and evidence was introduced in support of the motion. It was proven upon the trial that there had been no special consultation between the respondent and the county attorney of Oklahoma county with reference to this case further than that it was the general custom of respondent to urge the county attorney to set all of his criminal cases for trial at as early date as possible, and that at no time had respondent ever consulted with the county attorney with reference to the facts of this case, and that respondent knew absolutely nothing with reference to said facts further than that this cause was pending in said court. It was also shown that respondent had stated, when a demurrer to the information in this case was presented and passed upon, that he was of the opinion that the county attorney was correct in desiring the trial of this case before the trial of the Tegeler case, because he had been informed that the defendant was an important witness for Tegeler, who was charged with murder, and that, if the defendant was innocent of having committed perjury in a previous trial of the Tegeler case, Tegeler should have the benefit of his evidence, and that, if defendant was guilty of the offense charged herein, the state of Oklahoma should have the benefit of the exclusion of the evidence of petitioner in the Tegeler trial.

We share with respondent in the views expressed and regard them as eminently just and proper. We are of the opinion that petitioner has totally failed to make a case which would disqualify respondent from presiding at the trial of petitioner, and that the matters and things alleged and proven do not more than show that respondent was discharging his duty as a judge in the matter.

Petition for a writ of mandamus denied.

ARMSTRONG and DOYLE, JUDGES, concur.